FILED

UNITED STATES DISTRICT COURT
IN THE UNITED STATES DISTRICT COURT ALBUQUERQUE, NEW MEXICO

FOR THE DISTRICT OF NEW MEXICO        FEB 1 8 2003

BILLY DEAN,

    Plaintiff,

v.                                                          Civ. No. 02-0904 BB/RLP

JOHN SHANKS, et al.,

    Defendants.

## MAGISTRATE JUDGE'S PROPOSED
## FINDINGS AND RECOMMENDED DISPOSITION[1]

1.      This is a proceeding brought pursuant to 42 U.S.C. § 1983. Mr. Dean, who

is currently confined in the Central New Mexico Correctional Facility in Los Lunas, New

Mexico.  The named defendants include wardens of different correctional facilities,

physicians at different correctional facilities, and the group that directs medical care for

prisoners in the state of New Mexico. Mr. Dean's sole claim for relief for his § 1983 action

is violation of the Eighth Amendment's prohibition against cruel and unusual punishment

Mr. Dean asserts deliberate indifference to his medical needs.

2.      One of Mr. Dean's former treating physicians, Defendant Dr. Deming has

moved for summary judgment pursuant to Fed.R.Civ.P. 56.  See Motion for Summary

Judgment [Doc. 27]. In support of her motion she has submitted an affidavit and various

---

[1]      Within ten (10) days after a party is served with a copy of the Magistrate
Judge's Proposed Findings and Recommended Disposition (the "Proposed Findings") that
party may, pursuant to 28 U.S.C. § 636(b)(1), file in the United States District Court written
objections to the Proposed Findings. A party must file any objections within the ten-day
period allowed if that party wants to have appellate review of the Proposed Findings. If no
objections are filed, no appellate review will be allowed.

33

medical records. *See* Affidavit with attached exhibits [Doc. 26]. Mr. Dean failed to respond to Dr. Deming's motion and was ordered to do so [Doc. 29], which he did. *See* Answer to Dr. Deming's Request for Summary Judgment [Doc. 31].[2]

3.      Mr. Dean alleges that in 1985 he broke his back and has had three back surgeries since that time. Complaint [Doc. 1] at 2. He states that he has been denied medical care since that time. The medical records submitted by Dr. Deming indicate that Mr. Dean was seen several times by her, when he was at a facility under her care. The records indicate he complained of pain, was offered pain medication or other treatment, some of which he declined, and was otherwise seen and evaluated by Dr. Deming.

4.      Mr. Dean's response to her motion for summary judgment is that Dr. Deming believed him to be drug dependent and he believes she denied him the medication "he was formerly afforded from Doctors on the streets . . . ." Answer [Doc. 31] at 1. Other than his allegation that now he receives more medication from his current prison physicians, he does not rebut Dr. Deming's contentions in her Motion.

5.      Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment and states a claim under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious." *Sealock v.*

---

[2]  All Defendants in their Answers alleged that Mr. Dean failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). However, Dr. Deming did not assert that in her Motion for Summary Judgment and no other Defendant filed a motion so asserting. The court would be required to dismiss this action if Mr. Dean had failed to exhaust his remedies, but failing any motions by counsel, and Mr. Dean's assertion to the contrary, that ground is not relied upon herein.

*Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)(citation omitted).  Conditions diagnosed

by physicians and requiring treatment meet this criteria.  *Id.*  "The subjective component

is met if a prison official 'knows of and disregards an excessive risk to inmate health or

safety.'"  *Id.* (citation omitted).

      6.      As explained by the Supreme Court,

> in the medical context, an inadvertent failure to provide
> adequate medical care cannot be said to constitute an
> unnecessary and wanton infliction of pain or to be repugnant
> to the conscience of mankind.  Thus, a complaint that a
> physician has been negligent in diagnosing or treating a
> medical condition does not state a valid claim of medical
> mistreatment under the Eighth Amendment.  Medical
> malpractice does not become a constitutional violation merely
> because the victim is a prisoner.

*Estelle*, 429 U.S. at 106 (internal quotation marks omitted).

      7.      At best, Mr. Dean has not alleged a constitutional deprivation but merely a

claim for medical negligence.[3]  He has failed to set forth material issues of disputed fact

in opposition to Dr. Deming's Motion and the court recommends dismissal of his claims

against Dr. Deming.

      8.      This applies not only to Dr. Deming, but to the other defendants as well.  Mr.

Dean's conclusory allegations about the denial of pain medication during his course of

incarceration simply do not implicate the Eighth Amendment.  The court has the discretion

to dismiss an *in forma pauperis* complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) "at

---

[3]  It is because § 1983 only concerns constitutional violations that Dr. Deming's
arguments concerning the Medical Malpractice Act have no applicability to this case.  In
any event, the court would decline to exercise supplemental jurisdiction of the state law
claim.  28 U.S.C. § 1367(a)&(c).

any time if the action . . . fails to state a claim upon which relief may be granted." Because all of Mr. Dean's allegations are the same for all defendants the court finds that, at best. Mr. Dean has merely stated a claim for medical negligence not cognizable under § 1983.

## RECOMMENDED DISPOSITION

The court recommends that:

(1)   Defendant Donna Deming's Motion for Summary Judgment [Doc. 27] be granted;

(2)  the remaining Defendants be dismissed pursuant to 28 U.S.C. § 1915(e)(2);

(3)  the court decline to exercise any supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367(c)(3); and

(4) that all federal claims be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge

4